IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JOHN E. WHITE,                )
                              )
        Plaintiff,            )
                              )
vs.                           )    CV-98-AR-2053-M
                              )
OFFICER O'BRIAN               )
                              )
        Defendant.            )

**ENTERED**
SEP 22 2000

## MEMORANDUM OF OPINION

This is a civil action pursuant to 42 U.S.C. § 1983 in which the *pro se* plaintiff, John E. White, alleges that his constitutional rights have been violated during his incarceration at St. Clair Correctional Facility in Springville, Alabama. The sole defendant remaining in this action is Officer Carolyn O'Brian.[1] Plaintiff claims that Officer O'Brian not only failed to protect him from the assault of another inmate, but that she instigated and directed this attack. As relief for the alleged constitutional violations, plaintiff seeks compensatory and punitive damages.

On November 5, 1999, the court entered an Order for Special Report directing that copies of the complaint in this action be forwarded to the defendant and requesting that she file a special report addressing the factual allegations of the plaintiff's complaint. The defendant was advised that

---

[1] In his complaint, plaintiff named other defendants and set forth additional claims. After conducting a review of the complaint pursuant to 28 U.S.C. § 1915A, a magistrate judge of this court recommended the dismissal of all claims against all defendants except plaintiff's claims against Officer O'Brien related to the attack by another inmate (Document #15). The undersigned adopted the magistrate judge's report, accepted his recommendation, and dismissed all claims against all defendants except plaintiff's claims against Officer O'Brien related to the attack by another inmate (Document #33).



the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. By the same Order, plaintiff was advised that after he received a copy of the special report submitted by the defendant he should file counter affidavits if he wished to rebut the matters presented by defendant in the special report. Plaintiff was further advised that such affidavits should be filed within twenty days after receiving a copy of the defendant's special report.

On January 5, 2000, the defendant filed a special report accompanied by copies of incident reports, infirmary reports, and her affidavit. Thereafter, plaintiff was notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose. Plaintiff was advised of the consequences of any default or failure to comply with Fed. R. Civ. P. 56. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). On January 28, 2000, plaintiff filed a "Motion to Oppose Defendant Special Report/Plaintiff['s] Motion for Summary Judgment" accompanied by his affidavit and the affidavits of inmates Danny Wayne Turner, Mark Johnson, and Robert Carroll.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to

establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).

## ALLEGATIONS OF THE PARTIES

On July 11, 1998, plaintiff was housed in the segregation unit of St. Clair Correctional Facility where all inmates are in separate one-man single cells. Plaintiff's Affidavit, Document #40 at 5. On that date, Officer Carolyn O'Brian was assigned as a Rover in plaintiff's cell block during the second shift, which began at 2:00 p.m. Complaint (Document #1) at 3-4; O'Brian Affidavit (Exhibit 2 to Document #38) at 1. Plaintiff states that from the time Officer O'Brian entered the cell block, she "was making t[h]reats at [him]." Complaint at 4. According to plaintiff, while making a security check, Officer O'Brian went upstairs and stopped at the cell of inmate Cornelius Jackson. *Id*. Plaintiff and inmate Robert Carroll then observed Officer O'Brian having a conversation with inmate Jackson, *id* at 4-5; Carroll Affidavit, Document #40 at 9, during which Officer O'Brian "was looking downstairs at [plaintiff's] cell," Complaint at 5. Officer O'Brian then left plaintiff's cell block. *Id.*

At approximately 4:40 p.m., after the inmates in the cell block had been permitted to shave and the dinner trays had been served and picked up, Officer O'Brian returned to the cell block and began to open the cell doors so that the inmates could shower. *Id*. Plaintiff states that it is "the policy of [St. Clair Correctional Facility] seg units to handcuff all inmates from the rear when they exit their cells." Plaintiff's Affidavit, Document #40 at 5. Inmate Danny Wayne Turner states that Officer O'Brian does not always follow this policy as she has "allowed [him] and other inmates to exit their cells without handcuffs on to shower." Turner Affidavit, Document #40 at 7. In fact, inmate Turner states that Officer O'Brian has "let [him] out to shower several times without handcuffs on." *Id*. Plaintiff and inmates Johnson and Carroll state that, on the day in question, Officer O'Brian permitted inmate Cornelius Jackson to exit his cell to shower without being

4

handcuffed. Plaintiff's Affidavit, Document #40 at 5; Johnson Affidavit, Document #40 at 8; Carroll Affidavit, Document #40 at 9. Inmate Jackson "walked to the closet and filled a jug up with hot water," then walked directly to plaintiff's cell and threw the hot water on plaintiff through the tray slot in his door, "burn[ing] [plaintiff] badly." Complaint at 5; Plaintiff's Affidavit; Johnson Affidavit; Carroll Affidavit. Plaintiff was later taken to the infirmary where he was treated for second degree burns. O'Brian Affidavit at 2; Emergency Treatment Record dated July 11, 1998 (Exhibit 1 to Document #38).

Officer O'Brian denies that she "direct[ed] or instigate[d] an attack on plaintiff by inmate Jackson." O'Brian Affidavit at 1. She also denies that any inmate exited "the cell or shower without being properly restrained." *Id.* at 2.

## DISCUSSION

The law is now well established that the Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain upon a prisoner. *See, e.g., Whitley v. Albers*, 475 U. S. 312, 319 (1986); *Hudson v. McMillian*, 503 U.S. 1, (1992). It is also well established that the Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U. S. 825, 833 (1994) (internal quotation marks and citation omitted). *See also Wilson v. Seiter*, 501 U. S. 294, 303 (1991). In order to sufficiently allege a failure to protect claim, an inmate must show that prison officials were deliberately indifferent to a "substantial risk of serious harm" to the inmate. *Farmer v. Brennan,* 511 U.S. at 837.

As noted above, plaintiff maintains that Officer O'Brian not only failed to protect him from the assault by inmate Cornelius Jackson, but that she instigated and directed this attack. As can be

seen from the discussion that follows, plaintiff's second claim is the dispositive issue for the purposes of summary judgment. Addressing defendant O'Brian's motion for summary judgment first, it is clear that the facts must be viewed in the light most favorable to plaintiff. Further, if "there is any evidence in the record from which a reasonable inference could be drawn in favor of [plaintiff, as] the opposing party, summary judgment is improper." *Hetchkop v. Woodlawn v. Grassmere, Inc.*, 116 F. 3d 28, 33 (2d Cir. 1997).

Plaintiff has alleged that, on the day of the incident about which he complains, Officer O'Brian threatened him, then had a conversation with inmate Jackson while looking towards plaintiff's cell. Plaintiff has further alleged that, approximately two and one-half hours later, Officer O'Brian allowed inmate Jackson to exit his cell without being handcuffed and that inmate Jackson then filled a jug with hot water which he threw on plaintiff, thereby inflicting second degree burns upon plaintiff. Plaintiff's allegations are at least minimally sufficient to support a reasonable inference that Officer O'Brian instigated or at least knowingly permitted the attack on plaintiff by inmate Jackson.[2] *See Fischl v. Armitage*, 128 F. 3d 50, 56-59 (2d Cir. 1997) (evidence offered by plaintiff raised inference that one officer opened door to plaintiff's cell and that another officer instructed or knowingly permitted six inmates to attack plaintiff). While Officer O'Brian generally disputes plaintiff's allegations, it is well established that assessing the credibility of a plaintiff's claim is beyond the scope of a trial court's ruling on a motion for summary judgment. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Mize v. Jefferson City Bd. of Educ.*, 93

---

[2]At trial, of course, a jury may or may not find plaintiff's version of the incident credible. For purposes of summary judgment, however, it is clear that plaintiff's claim that Officer O'Brian failed to protect him from attack by inmate Jackson is subsumed in his claim that she instigated and directed this attack.

6

F.3d at 742; *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1437 (11th Cir. 1991); *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1425 (11th Cir. 1990). Because the material facts are in dispute with regard to plaintiff's assertions that Officer O'Brian instigated or permitted inmate Jackson to attack him, both Officer O'Brian's and plaintiff's motions for summary judgment are due to be DENIED.

A separate order consistent with this memorandum of opinion will be entered simultaneously herewith.

DONE this the 22nd day of September, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE